**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIELLE COLOSUONNO,**

    **Plaintiff,**

**vs.**

**PARALLON ENTERPRISES, LLC**

    **Defendant.**
_____/

**COMPLAINT**

Plaintiff, DANIELLE COLOSUONNO, hereinafter referred to as "PLAINTIFF" by and through her undersigned attorneys, hereby sues the Defendant, PARALLON ENTERPRISES, LLC, hereafter referred to as "DEFENDANT" and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

**PARTIES**

3. Plaintiff was a resident of Pasco County, Florida.

4. Defendant is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

## GENERAL ALLEGATIONS

5.  At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

6.  At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7.  Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8.  Plaintiff requests a jury trial for all issues so triable.

## FACTS

9.  Plaintiff began her employment with Defendant in 2003 as a Support Services Representative. In 2004 Plaintiff was promoted to a Support Services Supervisor. In May 2015 Plaintiff became the Appeals Manager. In 2016 Plaintiff applied for and was selected as a Central Insurance Verification Manager.

10. In August 2018 Plaintiff took Family Medical Leave due to her own serious health condition, a miscarriage, as well as that of her parents.

11. Plaintiff returned from leave in September 2018.

12. At the end of January 2019, Plaintiff advised her superiors that she was pregnant.

13. Plaintiff applied for FMLA leave relating to her pregnancy and received approval on March 5, 2019.

14. The following day Plaintiff was called into a meeting with her Assistant Director and Human Resources.

15. Plaintiff was given the "option" of stepping down as manager.

16. Plaintiff was told that if she didn't step down as manager, she would be given a corrective action and placed on a performance improvement plan that would be "aggressive" and could lead to termination in two weeks.

17. Plaintiff was told that taking the demotion was the best for her since she was pregnant. Plaintiff began crying hysterically as this was presented without any prior counseling's.

18. Plaintiff's first concern was for her child because she had just had a miscarriage months earlier.

19. Defendant intimidated and coerced Plaintiff into signing a document making it appear as if she had voluntarily agreed to the demotion.

20. After Plaintiff's lawyer sent Defendant a letter addressing their unlawful conduct, Plaintiff has suffered ongoing retaliation and discrimination, including denying her the ability to work from home.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

21. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 20.

22. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

23. Defendant's actions constitute violations of the FMLA.

24. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d.      Attorney's fees and costs;

    e.      Equitable relief;

    f.      Such other relief as is permitted by law.

### COUNT II
### (FMLA RETALIATION)

25.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 20.

26.    Defendant retaliated against Plaintiff for asserting her FMLA rights.

27.    Defendant's actions constitute violations of the FMLA.

28.    As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 5th day of July 2019.

                FLORIN GRAY BOUZAS OWENS, LLC

                /s/Wolfgang M. Florin
                Wolfgang M. Florin
                Florida Bar No. 907804
                Primary: wolfgang@fgbolaw.com
                Christopher D. Gray
                Florida Bar No.: 0902004
                chris@fgbolaw.com
                16524 Pointe Village Drive, Suite 100
                Lutz, FL 33558
                Telephone (727) 254-5255
                Facsimile (727) 483-7942
                Attorneys for Plaintiff